IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FAUSTO A. MINOR,

        Plaintiff,                  No. 2:12-cv-2267 CKD P

    vs.

D. HITT, et al.,

        Defendants.         ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be

1  forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's
2  account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).
3          The court is required to screen complaints brought by prisoners seeking relief
4  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
5  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
6  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
7  granted, or that seek monetary relief from a defendant who is immune from such relief.  28
8  U.S.C. § 1915A(b)(1),(2).
9          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
11  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
15  Cir. 1989); Franklin, 745 F.2d at 1227.
16          A complaint must contain more than a "formulaic recitation of the elements of a
17  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
18  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  "The pleading must
19  contain something more...than...a statement of facts that merely creates a suspicion [of] a legally
20  cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure
21  1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted
22  as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, __ U.S. __, 129
23  S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has
24  facial plausibility when the plaintiff pleads factual content that allows the court to draw the
25  reasonable inference that the defendant is liable for the misconduct alleged."  Id.
26  \\\\\

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff alleges that defendants violated his federal right to due process by failing to provide him certain evidence prior to a disciplinary hearing on the charge of attempted murder. At the January 10, 2011 disciplinary hearing, plaintiff was convicted of this charge and lost 360 days of good conduct sentencing credit as a result. (Cmplt. ¶ 11; see also Dkt. No. 1 at 23.) Plaintiff requests, among other relief, that his conviction on this charge be vacated. (Cmplt. ¶ 28.) However, any claims which imply the invalidity of the decision to revoke good conduct credit are barred by Edwards v. Balisok, 520 U.S. 641, 645-46 (1997). Plaintiff must first obtain relief as to the decision to revoke good conduct sentence credit before he can maintain a 42 U.S.C. § 1983 action with respect to those claims. See Heck v. Humphrey, 512 U.S. 477, 486-487 (1994).

Plaintiff also alleges that defendants violated his due process and equal protection rights by rejecting as untimely his administrative appeal of the January 10, 2011 disciplinary conviction. However, inmates do not have a Constitutional right to a specific prison grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003). Thus plaintiff fails to state a § 1983 claim on this basis.

In light of the above, plaintiff's complaint will be dismissed and he will be granted leave to file an amended complaint within 30 days of service of this order. In addition to removing any claims which imply the invalidity a prison disciplinary conviction that resulted in the loss of good time credit, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link

or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. The complaint (Dkt. No. 1) dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

Dated: November 8, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
mino2267.B